1  Jason Cabot
   33 Leslie Rd.
2  Belmont, MA 02478
   Tel : 213-270-4815
3  Email : jcabot@jd12.law.harvard.edu

4
   UNITED STATES DISTRICT COURT
5  DISTRICT OF MASSACHUSETTS

6

7  Jason Cabot,                          )  Case No.:
                                         )
8            Plaintiff,                   )  **COMPLAINT FOR DAMAGES AND INJUNCTIVE**
                                         )  **RELIEF AND JURY DEMAND.**
9       vs.                              )

10 United Collection Bureau, Inc. **1 0**   **CA 1 0 0 1 2 DPW**

11           Defendant                    )
                                         )
12 Experian Information Solutions, Inc.

13           Defendant                  MAGISTRATE JUDGE Bowler

14 Chicago Central Emergency Physicians, LLP

15           Defendant

16                              **I. PARTIES**

17 1. The plaintiff, Jason Goldwater Cabot ("Cabot"), is a natural person currently

18 residing at 33 Leslie Rd. in Belmont, MA 02478. Plaintiff is a Harvard Law School

19 student and a citizen of California, with permanent residence established at 178

20 Shoreview Ave., in Pacifica CA 94044.

21 2. The defendant, United Collection Bureau, Inc. ("UCB") has its main office at 5620

22 Southwyck Blvd. in Toledo, OH 43614. Additionally, the address on its demand letter is

23 4100 Horizon Dr., Ste 101, in Columbus, OH 43220. Cabot's credit report lists an

24 additional address for the debt collector, at PO BOX 140190 in Toledo, OH 43614. UCB

25 is incorporated in Ohio. At all times material hereto, UCB provided debt collection

26 services nationally and performed as an agent under contract for defendant Chicago

27 Central Emergency Physicians, LLP.

28 3. The defendant, Experian Information Solutions, Inc. ("Experian"), has its main

   office at 475 Anton Blvd. in Costa Mesa, CA 92626. Experian is incorporated in Ohio.

              **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND** - 1

1   At all times material hereto, Defendant Experian provided credit reporting services
2   nationally.

3   4. The defendant, Chicago Central Emergency Physicians, LLP ("CCEP"), is an
4   association of medical professionals doing business in Illinois. According to the
5   Illinois Secretary of State's website, their chief executive office is located at 4075
6   Copper Ridge Drive, Traverse City, MI 49684.

7   **II. PRELIMARY BACKGROUND**

8   5. Plaintiff institutes this action for injunctive relief, actual damages, statutory
9   damages, attorneys fees, and the costs of this action against defendants Experian,
10  UCB, and CCEP for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15
11  U.S.C. § 1692 *et seq.* and of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681
12  *et seq.*

13  **III. JURISDICTION**

14  6. The jurisdiction of this court is invoked pursuant to the FCRA, 15 U.S.C. §
15  1681(p), the FDCPA, 15 U.S.C. § 1692(k), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.
16  7. Pendent claims are authorized by Fed. R. Civ. P. 18(a).

17  **IV. FACTUAL ALLEGATIONS**

18  8. On or about March 1, 2009, plaintiff was seen in the Emergency Room of Mercy
19  Hospital in Chicago, IL for a broken nose. Plaintiff had been visiting Chicago on
20  vacation and broke his nose accidentally in his hotel room.

21  9. John Doe (the name of the physician is currently unknown to plaintiff but will be
22  amended once discovered), a medical doctor, saw plaintiff briefly, for less than five
23  minutes, and almost immediately discharged plaintiff. Doe stated that he could not
24  treat Cabot or reset Cabot's nose, and that Cabot should make an appointment with an
25  ENT physician upon returning to his hometown. Doe simply advised Cabot to take
26  ibuprofen, an over-the-counter pain medication, until Cabot's return to his hometown.
27  10. Upon information and belief, Doe was a member of the Chicago Central Emergency
28  Physicians, LLP group.

1  11. In or about May 2009, Plaintiff Cabot received an invoice from CCEP, for medical
2  services performed by Doe. The billing code for this service was 99284, "EMERG DEPT
3  VISIT E&M HIGH SEVERITY." CCEP requested payment of $427, reduced to $341.60 after the
4  insurance allowable. Although plaintiff did pay the far more reasonable, separate
5  Mercy Hospital bill of $187.60, he believes and believed CCEP's invoice, for nearly
6  twice as much, to be outrageous, unwarranted, and contrary to allowable billing
7  practices.

8  12. Upon information and belief, CCEP referred the debt to UCB, one of its collection
9  agents.

10 13. On or around July 20, 2009, Cabot received a collection letter from UCB for
11 payment of $341.60.

12 14. On or around this same date, Cabot received one telephone call from a female
13 employee at UCB. Cabot informed the employee that he did not recognize the validity of
14 the debt, but might consider a reduced payment as a compromise. The female employee
15 refused to consider a reduced payment, claiming she was bound by the underlying
16 creditor's (CCEP) guidelines of not accepting such payments. Cabot informed the
17 employee orally that he did not believe he owed $341.60, and was disputing the
18 validity of the debt.

19 15. On or around August 3, 2009, Cabot send a certified letter with return receipt
20 requested to UCB, requesting verification and validation of the debt and an
21 explanation of the "high severity" billing code, pursuant to the FDCPA, 15 U.S.C. §
22 1692(g). The USPS article number is 7008 1830 0003 0938 4475. Cabot did not believe
23 that a fleeting three minute visit with Dr. Doe should result in such charges –
24 indeed, Doe's resulting hourly wage would be approximately $6,800/hr.

25 16. On August 10, 2009, Cabot's letter was delivered to UCB at its address in Columbus
26 OH and signed for by "B Banhace" (? – signature not very legible). The USPS website
27 tracking tool confirms that the letter was delivered.

28

17. Cabot did not receive any further communication from UCB, whether in writing, by telephone or email, after this date. In fact, UCB's entire communication with Cabot only amounts to a single demand letter and a single telephone call (paras. 13 & 14)

18. On or around December 20, 2009, Cabot applied for a Chase credit card and was denied, due to "delinquency or past due balances" on a credit report provided by Experian. "Delinquency or past due balances" was the only reason provided by Chase for Cabot's credit denial. All of Cabot's credit card and installment accounts are in good standing and have never been past due. Chase' denial of Cabot's application is thus directly attributable to defendants' illegal and unethical actions.

19. On December 26, 2009, Cabot obtained a credit report from Experian. The credit report listed a debt reported by UCB for $342. The "account number" listed on Cabot's credit report is 26334085. The report lists the original creditor as "Chicago Central Emerg Phys LL," and lists the collection agency as "United Collect Bur Inc" with an address of "PO BOX 140190, Toledo, OH 43614" with a telephone number of "(800) 937-3995." The credit report notes that the debt has been reported since 11/2009, and is scheduled to remain on Cabot's report until 11/2016.

20. On this same date, Cabot disputed the debt with Experian via its online system, advising Experian that he had disputed the validity of the debt in writing to UCB in August 2009 and had not received a response. Cabot demanded removal of the debt from his credit report pursuant to the FDCPA and FCRA. Additionally, Cabot provided Experian with the USPS article number.

21. On this same date, Cabot sent an email to approximately 15 valid email addressed at UCB, including its legal counsel, John Terry. Cabot notified UCB of its FDCPA violations and demanded removal of the debt from his credit report and a response within five business days. Cabot threatened legal action if UCB did not promptly respond to his demand.

22. As of January 03, 2009, Cabot has still not received a response from UCB, whether by mail, telephone, or email.

23. On December 29, 2009, Experian contacted Cabot by email and advised him that it would not remove the debt from appearing on Cabot's credit report ("Debt remains"). Experian did not provide an explanation.

24. On this same date, Cabot called the office of Experian's legal counsel, and spoke with Jason Scott, a "liaison to the legal department." Scott advised Cabot that it was his opinion Experian was in compliance with the FCRA and FDCPA and that the UCB debt would therefore not be removed from Cabot's credit report. Cabot advised Experian that he would pursue legal action if the debt was not removed, but Scott appeared wholly unconcerned.

25. UCB currently has an "F" rating from the Better Business Bureau (http://www.bbb.org/toledo/business-reviews/collection-agencies/united-collection-bureau-in-toledo-oh-7271). Notably, the Better Business Bureau notes that UCB has failed to respond to 102 of 387 complaints filed against it.

26. Complaints of consumers' inability to contact anyone at UCB abound on the internet. Non-response to inquiries, though such response is required by the FDCPA, seems to be a modus operandi at UCB.

27. Experian and CCEP were aware, or should have been aware, of UCB's general noncompliance with the FDCPA and UCB's refusal to respond to FDCPA validation inquiries.

28. Moreover, Experian and CCEP were specifically aware, or should have been aware, of UCB's noncompliance with the FDCPA in Cabot's situation.

29. Experian has a duty to report only accurate, verified information on consumers' credit reports, pursuant to the FCRA. Experian derives financial benefit from allowing collection agencies to post derogatory information on consumers' credit reports – it should at least verify that such information is accurate and that the collection agency complies with applicable collection requirements before allowing such agencies to ruin citizens' credit scores. If Experian knows or should know that a company reports false or inaccurate debt information, or blatantly violates the FDCPA by pursuing debts without validating them, then Experian cannot or should not allow such

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND - 5

1 a company to report debts on a credit report and thereby ruin a consumer's otherwise
2 good credit record.
3 30. CCEP has a duty to contract with a reputable collection agency that complies with
4 the FDCPA. CCEP should be held responsible for knowingly or negligently contracting
5 with a collection agency that instead collects debts through illegal methods.
6 31. Prior to the reporting of this debt, Cabot's credit score was well in the 700s,
7 and Cabot's applications for credit were nearly universally approved. Cabot has
8 several unlimited credit line credit cards, and a combined credit line (about 96%
9 unutilized) totaling approximately $150,000.
10 32. Cabot's credit score is now far lower, in the 600s, due to UCB's reporting of the
11 debt and Experian's refusal to remove the debt. As alleged above, Cabot has been
12 refused credit due specifically to defendants' actions.

13 **Count I - Injunctive Relief - See also Motion for Preliminary Injunction**
14 33. Cabot restates and incorporates herein the allegations of all proceeding
15 paragraphs.
16 34. Defendants have caused irreparable harm to Cabot, initially due to their negligent
17 publication of debt information sans FDCPA or FCRA compliance, and later in their
18 willful refusal to correct their public error. Each day the false information remains
19 accessible to the public imposes damages including loss of potential employment and
20 loss of credit.
21 35. The injury to Cabot in being persistently and continuously labeled as
22 irresponsible and untrustworthy far outweighs the $341.60 the defendants are illegally
23 seeking to recover.
24 36. Far from being disserved, the public would benefit by denying defendants the
25 opportunity to further damage a citizen's reputation without complying with applicable
26 collection laws.
27 WHEREFORE, Plaintiff demands the immediate and permanent injunction of Defendants'
28 publishing any information on the debt in question.

**Count II - Defamation**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND - 6**

1    37. Cabot restates and incorporates herein the allegations of all proceeding
2    paragraphs.

3    38. Defendants did publish and are publishing false information about Cabot, not in
4    compliance with applicable collection laws.

5    39. The information published was, and remains, defamatory, damaging Cabot's
6    reputation to potential employers, to creditors and potential creditors, and within
7    the community.

8    40. Defendant's privilege to publish such information was abused in that they did not
9    comply with applicable collection laws.

10    41. Defendants' negligence became willful when they refused to correct the
11    publication, even when repeatedly confronted with documentation that the collection
12    did not comply with the FCRA or FDCPA.

13    42. Cabot's ability to obtain credit was negatively impacted due to the credit report
14    created and published by the defendants. Similar consequences and worse are expected
15    due to the reliance placed upon credit reports by employers and lenders.

16    WHEREFORE, Plaintiff demands general damages, moves for punitive damages, and alleges
17    all defendants jointly and severally liable.

18    **Count III - Violations of FCRA by Experian**

19    43. Cabot restates and incorporates herein the allegations of all proceeding
20    paragraphs.

21    44. Defendant violated the FCRA, 15 U.S.C. § 1681 in the following and other respects:

22         a. By reporting the name, address and/or telephone number of a medical
23    information furnisher, Chicago Central Emergency Physicians, LLP, on Cabot's credit
24    report, in violation of 15 U.S.C. § 1681c(a)(6).

25         b. By failing to follow reasonable procedures to assure maximum possible
26    accuracy of reported information, in violation of 15 U.S.C. § 1681e.

27         c. By failing to adequately investigate the disputed debt, in violation of 15
28    U.S.C. § 1681i.

1           d. By failing to delete the inaccurate and non-complying information, in
2    violation of 15 U.S.C. § 1681i.

3    45. Experian's violations of the FCRA were willful, since it refused to delete the
4    information after demand by Cabot. 15 U.S.C. § 1681n provides for damages not to
5    exceed One Thousand dollars ($ 1,000.00), plus punitive damages, and costs and
6    attorney's fees, when FCRA violations are willful.

7    46. Experian did not follow reasonable procedures to ensure maximum possible accuracy
8    of the information concerning Cabot. Moreover, Experian allowed a collection agency it
9    knew or should have known was not in compliance with the FDCPA to post information on
10   consumers' credit reports, including Cabot's. Experian's violations of the FCRA were
11   thus also negligent. 15 U.S.C. § 1681o provides for damages, costs and attorney's fees
12   when the violations are negligent.

13   47. By reason of the aforesaid violations of the Act, defendant is liable to plaintiff
14   in the amount of actual damages to be established at trial, including damages for
15   mental anguish, statutory damages, punitive damages, attorneys fees and costs in
16   accordance with 15 U.S.C. §§ 1681n and 1681o.

17                   **Count IV - Violations of FRCA by UCB and CCEP**

18   48. Cabot restates and incorporates herein the allegations of all proceeding
19   paragraphs.

20   49. Defendants UCB and CCEP violated the FCRA in the following and other respects:

21          a. by reporting information with actual knowledge of errors, in violation of 15
22   U.S.C. § 1681s-2(a)(1).

23          b. by reporting information after notice and confirmation of errors, in
24   violation of 15 U.S.C. § 1681s-2(a)(1).

25          c. by failing to direct credit reporting agencies to correct or delete the
26   erroneous information, in violation of 15 U.S.C. § 1681s-2(a)(2).

27          d. by failing to inform credit reporting agencies, including Experian, that the
28   debt was disputed by Cabot, in violation of 15 U.S.C. § 1681s-2(a)(3). Although
     Experian has since updated Cabot's credit report with the statement "account

                **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND** - 8

1  information is disputed by consumer," such a statement was only added after Cabot

2  disputed the account with Experian. Upon information and belief, UCB did not initially

3  report to Experian that Cabot had disputed validity of the debt, and such a statement

4  was not provided on Cabot's credit report for at least one month.

5      e. by failing to conduct an investigation with respect to Cabot's disputed

6  information, in violation of 15 U.S.C. § 1681s-2(a)(8)(E)(i) and (ii), and 15 U.S.C. §

7  1681s-2(b).

8      f. by failing to report the results of any investigation to Cabot in violation

9  of 15 U.S.C. § 1681s-2(a)(8)(E)(iii).

10     g. By failing to notify Experian and other consumer reporting agencies of such

11  incorrect information in violation of 15 U.S.C. § 1681s-2(8)(E)(iv), and 15 U.S.C. §

12  1681s-2(b).

13  50. By reason of the aforesaid violations of the Act, defendants are liable to

14  plaintiff in the amount of actual damages to be established at trial, including mental

15  anguish, statutory damages, punitive damages, attorneys fees and costs in accordance

16  with 15 U.S.C. §§ 1681n and 1681o.

17                    **Count V — Violations of FDCPA by UCB**

18  51. Cabot restates and incorporates herein the allegations of all proceeding

19  paragraphs.

20  52. Defendant UCB violated the FDCPA in the following and other respects:

21    a. by attempting to collect a debt not expressly authorized by an agreement between

22  Cabot and CCEP or Doe, and not permitted by law, in violation of 15 U.S.C. §§ 1692f(1)

23  and 1692e.

24    b. by failing to cease collection of the debt after defendant UCB received a

25  dispute from Cabot, in violation of 15 U.S.C. § 1692g(b).

26    c. by reporting to debt to Experian and possibly other consumer reporting agencies

27  without validating the debt to Cabot following his dispute, in violation of 15 U.S.C.

28  § 1692g(b).

1  53. By reason of the aforesaid violations of the Act, defendants are liable to

2  plaintiff in the amount of actual damages to be established at trial, including mental

3  anguish, punitive damages, attorney's fees and costs in accordance with 15 U.S.C. §

4  1692k.

5  **Count VI - Emotional Distress**

6  54. Cabot restates and incorporates herein the allegations of all proceeding

7  paragraphs.

8  55. Cabot is a Harvard Law School student, currently seeking employment with firms.

9  Employers will check Cabot's credit report, and Cabot's employment prospects will be

10  diminished if prospective employers discover this incorrectly reported debt.

11  56. Defendants' actions were intentional to harm Cabot - inter alia, by reducing his

12  credit score, his employment prospects, and his ability to obtain credit. By

13  attempting to harm Cabot in these respects, defendants also sought to cause him

14  emotional distress.

15  57. These incidents have caused severe emotional distress to Cabot, including anxiety,

16  emotional and physical fatigue, increase in blood pressure, and insomnia.

17  58. As a result of his lowered credit score, and credit rejections, Cabot has suffered

18  humiliation and other mental distress.

19  59. The conduct of defendants was extreme and outrageous.

20  60. Defendants knew or should have known that Cabot's emotional distress would be a

21  likely result of their actions.

22  61. Cabot seeks to recover, in his proceeding counts and as a separate count, damages

23  for emotion distress in addition to other actual damages, statutory damages, punitive

24  damages, attorney's fees and costs. *See, e.g., Richardson v. Fleet Bank, 190 F. Supp.*

25  *2d 81 (D. Mass. 2001).* Plaintiff alleges all defendants jointly and severally liable.

26  **PRAYER FOR RELIEF AND JURY DEMAND**

27  PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

28  WHEREFORE, plaintiff respectfully prays that this Court:

  1. Assume jurisdiction of the case.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND - 10**

1    2. Issue a preliminary injunction, enjoining defendants from reporting the debt on

2       Cabot's credit report, until a final hearing on the merits. (Appl. for Prelim.

3       Injunct.)

4    3. Declare that the actions of the defendants in this case violated 15 U.S.C. §

5       1681 et seq. and 15 U.S.C. § 1692 et seq.

6    4. Declare that Plaintiff Cabot does not owe this debt.

7    5. Issue an injunction permanently restraining and enjoining the defendants from

8       attempting to collect this debt, and an order compelling the defendants to take

9       all necessary actions to cause all credit agencies to remove the delinquency

10      and other negative information in Cabot's credit files.

11   6. Award damages, including damages for mental anguish and punitive damages, to be

12      established at trial pursuant to 15 U.S.C. §§ 1681n-o, 1692k.

13   7. Award statutory damages pursuant to 15 U.S.C §§ 1681n-o, 1692k.

14   8. Award plaintiff's costs and reasonable attorney's fees in accordance with 15

15      U.S.C. §§ 1681n-o, 1692k.

16   9. Award such other relief as the court deems appropriate.

17                                    Dated this January 4, 2009

18

19                                    Jason G. Cabot
                                      33 Leslie Rd.
20                                    Belmont, MA 02478
                                      (213) 270-4815
21                                    jcabot@jd12.law.harvard.edu

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND - 11

BBB® Serving Northwestern Ohio and Southeastern Michigan
Integrity Place
7668 King's Pointe Rd.
Toledo, OH 43617
☎ ⋅ **(419) 531-3116**
www.toledo.bbb.org

BBB Reliability Report for

# United Collection Bureau, Inc.

## BBB Rating F

Ratings Explanation
BBB issues Reliability Reports on all businesses, whether or not they are BBB accredited. If a business is a BBB Accredited Business, it is stated in this report.

BBB Accreditation

Businesses are under no obligation to seek BBB accreditation, and some businesses are not accredited because they have not sought BBB accreditation. This business is not a BBB Accredited Business.

### BBB Rating for United Collection Bureau, Inc.

Based on BBB files, United Collection Bureau, Inc. has a BBB Rating of F on a scale from A+ to F.

Reasons for this rating include:

- 388 complaints filed against business
- Failure to respond to 102 complaints filed against business.
- 6 serious complaints filed against business.
- Overall complaint history with BBB.
- One complaint filed against business that was not resolved.

Click here for an explanation of BBB Ratings

Company representatives met with the Better Business Bureau on April 21, 2009. The company has recently demonstrated improvement by resolving customer complaints in a timely manner.

### Business Contact and Profile for United Collection Bureau, Inc.
Business Management

**UNITED COLLECT BUR INC**

**Address:**
PO BOX 140190
TOLEDO, OH 43614
(800) 937-3995

**Account Number:**
26334085

**Original Creditor:**
CHICAGO CENTRAL EMERG
PHYS LL

**Address Identification Number:**
0639187650

**Status:**
Collection account. $342 past due as of Nov 2009.

| Date Opened: | Type: | Credit Limit/Original Amount: |
|---|---|---|
| 07/2009 | Collection | $342 |
| **Reported Since:** | **Terms:** | **High Balance:** |
| 11/2009 | 1 Months | NA |
| **Date of Status:** | **Monthly Payment:** | **Recent Balance:** |
| 11/2009 | $0 | $342 |
| **Last Reported:** | **Responsibility:** | **Recent Payment:** |
| 11/2009 | Individual | $0 |

**Account History:**
Collection as of Nov 2009

**Your Statement:**
Account information disputed by consumer (Meets
requirement of the Fair Credit Reporting Act).

## Results

Back to top

**How to read your results**
• **Deleted** - This item was removed from your credit report
• **Remains** - This item has been verified as accurate
• **Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.
• **Reviewed** - This item was either updated or deleted; review this report to learn its outcome

UNITED COLLECT BUR INC
**Account Number:** 2633....                                    **Outcome:** Remains

